Alleen S. Castellani, Kansas City, Mo., for appellee.

Before FAGG, SNEED*, and LOKEN, Circuit Judges.

**Dixie Lee BROWN, Jerry Kent Brown, Stephen S. Brown, Stuart B. Brown, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 90–2265.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1991.

Decided March 14, 1991.

SNEED, Circuit Judge:

Plaintiff appeals from the trial court's decision entering judgment for the defendant, the United States, on plaintiff's wrongful death claim brought pursuant to the Federal Tort Claims Act. We affirm.

I.

FACTS AND PROCEEDINGS BELOW

In the late afternoon on Sunday, August 11, 1985, Gerald and Beulah Brown were returning from a vacation in Texas. As they traveled northbound on Highway 71 near Kansas City, Missouri, the Browns were forced to bring their car to a complete stop behind a long line of traffic. The heavy traffic resulted from a large number of cars exiting "Operation Handshake," an air show at the Richards–Gebaur Air Force Base, which is located adjacent to Highway 71. As the Browns came to a stop, a car, driven by Robin Moore, a spectator who had just left the air show, rear ended the Browns' vehicle. The collision killed both of the Browns.

Operation Handshake had been a regular event at Richards–Gebaur Air Force base for several years prior to the accident. In

* Honorable Joseph T. Sneed, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

preparation for the air show, base officials, as they had in years past, made preparations to control and direct traffic on and off the base. Air force officials scheduled a luncheon with local law enforcement officials who were responsible for managing traffic outside the boundaries of the air base. (The Posse Comitatus Act, 18 U.S.C. § 1385 (1988), precluded the air force from performing routine police functions outside the boundaries of military property.) Base officials drew up a plan for manning anticipated traffic congestion points both on and off the base. The proposed plan placed civilian officials at the positions located off the base. The plan only identified these spots, it did not specify which or how many civilian officials would be stationed at those locations. Because the air force had no control over these off-base areas, civilian law enforcement personnel had total control over the management of traffic at the off-base locations. The civilian officials were supervised by civilian authorities. The civil law enforcement agencies did station a civilian representative in a command center located on the base during the course of the air show. That liaison worked with the base officials to manage the traffic on and off the base.

Robin Moore was a spectator at the air show on Sunday, August 11. Moore testified that he had several beers at the air show. He left after the Blue Angels demonstration between 4:30 and 5:00 p.m. He exited from the "east" gate and traveled east to Highway 71. He then proceeded north on that highway. Before reaching the 150th Street entrance to Highway 71, Moore collided with the Browns' vehicle. Moore had traveled approximately 1¾ miles from the air base to the point where the accident occurred. The police arrested Moore at the scene. The police found that Moore had a blood-alcohol content of .12 percent more than an hour after the accident. Moore was later convicted of vehicular manslaughter.

This case was tried before a judge on January 22–24, 1990. The trial judge entered his order and findings of fact on June 15, 1990. He ruled for the defendants. The trial judge, applying Missouri law pur-

suant to section 1346(b) of the Federal Tort Claims Act, found that the defendant "did not have any duty to protect the safety of individuals on public property almost two miles from the air base." Memorandum Opinion and Order of June 15, 1990, at 5. While the air force assumed a duty to coordinate the traffic flow at the air show, the court concluded that this duty did not extend to "all individuals traveling on roads near the air base." *Id.* This was especially true in this situation where the base officials had no control over the civilian personnel manning the off base check points. The court specifically concluded that the decedents in this case were outside the " 'orbit of the danger as disclosed to the eye of reasonable vigilance.' " *Id.* at 6 (quoting *Krause v. United States Truck Co.*, 787 S.W.2d 708, 710 (Mo.1990) (en banc) (quoting *Palsgraf v. Long Island R.R.*, 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928))). The court went on to hold that even if the plaintiffs were foreseeable, and a duty was owed to them, that there was no negligence on the part of the air force. The court held that there was no evidence suggesting that the air force performed its duty to manage the ingress and egress of traffic at the air show in a negligent manner. *See id.* at 6–7.

## II.

### DISCUSSION

The district court had jurisdiction under 28 U.S.C. § 1346(b) (1988). This court has appellate jurisdiction under 28 U.S.C. § 1291 (1988).

Both sides argue that this case should be reviewed under the clearly erroneous standard. While the questions before us involve questions of law and fact, we decline to decide whether this case should be reviewed de novo or under the clearly erroneous standard because we find no error in the trial court's decision.

It is clear that the air force assumed a duty to manage the ingress and egress of traffic from Richards–Gebaur Air Force Base during Operation Handshake. But we agree with the district court's determi-

nation that this duty did not extend to the decedents in this case who were almost two miles away from the base. The district court correctly noted that the air force's duty did not extend to vehicle drivers and passengers on roads and highways more than twenty miles away from the base. Clearly, there are limits upon the duty assumed by the air force. Like the district court, we decline to outline the boundaries of the duty in this case. We simply affirm the district judge's determination that the duty assumed by the air force does not extend to the plaintiffs in this case.

For the foregoing reasons, the judgment in this case is affirmed.

AFFIRMED.